IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KHALED SHABANI,

                Plaintiff,

    v.

MADISON POLICE DEPARTMENT,
LT. JENNIFER KRUEGER FAVOUR,
ANDREW NAYLOR , M. BAKER
and JANE DOE,

                Defendants.

ORDER

16-cv-471-bbc

---

      In this civil rights action, pro se plaintiff Khaled Shabani alleges that officers from the Madison Police Department have been "harassing" him because of his race. Because plaintiff is not a prisoner and he paid the filing fee in full, his complaint is not subject to screening under 28 U.S.C. § 1915.

      Plaintiff has filed two related motions that are ready for review. First, in a one-page document simply called "motion," plaintiff describes harassment that he and his family allegedly have received from unnamed police officers since 2015. Dkt. 17. In particular, he alleges that officers threatened to hurt his daughter, harassed him at work, fabricated a disorderly conduct charge against him, "poisoned [him] with bacteria" and most recently "curs[ed]" and "humiliated" him in public. However, plaintiff does not ask for any particular relief from this court except to say, "please help my daughter."

Second, plaintiff asks for an extension of the November 7, 2016 deadline for submitting discovery to learn the identity of the Jane Doe defendant and the December 19, 2016 deadline to amend his complaint to name that defendant. Dkt. 18. Plaintiff says that he needs an extension "due to extreme harassment, threats and intimidation from the police department to drop my lawsuit."

I am denying both motions, with a small caveat for the motion for an extension of time.

As to plaintiff's first, untitled motion, it is not clear what plaintiff wants the court to do. Obviously, a court cannot grant relief if the party does not describe the relief he wants. If plaintiff is asking for a preliminary injunction, then he must not only identify his requested relief, but he must also submit evidence in support of his motion. In addition, he must follow this court's procedures for seeking injunctive relief, which include submitting proposed findings of fact. (I have attached a copy of those procedures for plaintiff's reference.) Finally, a plaintiff seeking an injunction generally must show that one or more of the *defendants* is violating his rights. Plaintiff does not identify any of the officers who are allegedly harassing him, so the court has no way to determine whether a defendant was involved in the alleged conduct. If plaintiff is seeking an injunction against the Madison Police Department as a whole, then he will have to submit evidence showing that the department has a policy of engaging in unconstitutional conduct. The police department cannot be held liable under the Constitution for the actions of its officers unless the department directed or approved those actions.

2

As to plaintiff's motion for an extension of time, he does not explain why any of the alleged harassment has prevented him from conducting discovery or amending his complaint and he does not explain why he waited more than a month after his deadline for conducting discovery expired before seeking an extension. Without that information, I cannot say that plaintiff is entitled to more time. However, in their response brief, defendants say that they have used the physical description that plaintiff provided and tentatively determined that the Jane Doe defendant may be Jessica Sosoka. If plaintiff agrees with that assessment, then I will give him one chance to amend his complaint to include Sosoka as a defendant. However, I am denying his request to conduct any more discovery regarding Doe defendants.

ORDER

IT IS ORDERED that plaintiff Khaled Shabani's untitled motion, dkt. 17, is DENIED and his motion for an extension of time, dkt. 18, is DENIED with the exception that plaintiff may have until January 30, 2017, to file an amended complaint that identifies the Jane Doe defendant.

Entered this 17th day of January, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge