IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                        Plaintiff,

    v.

MADISON POLICE DEPARTMENT,
LT. JENNIFER KRUEGER FAVOUR,
ANDREW NAYLOR, M. BAKER
and JENNIFER SOSOKA

                                        Defendants.

OPINION and ORDER

16-cv-471-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Three motions are before the court in this case brought by pro se plaintiff Khaled Shabani: (1) a motion to dismiss filed by defendants M. Baker, Jennifer Krueger Favour, Andew Naylor and the Madison Police Department, dkt. #29; (2) a motion to dismiss filed by defendant Jessica Sososka, dkt. #32; and (3) plaintiff's request for assistance in recruiting counsel, dkt. #27. In addition, plaintiff has filed two untitled documents that I construe as supplements to his complaint. Dkt. ##25 and 28. (Earlier in the case, plaintiff filed another supplement that the court construed as a motion for preliminary injunction. Dkt. ##17 and 20.) For the reasons explained below, I am granting the motions to dismiss and denying the motion for assistance in recruiting counsel. However, I will give plaintiff an opportunity to amend his complaint to correct the problems identified in this order.

1

OPINION

A. Motions to Dismiss

1. Legal standard

Under Federal Rule of Civil Procedure 8, a complaint must provide fair notice to each defendant and set out claims that are plausible on their face. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). Plaintiff's complaint does not satisfy this standard, even when viewed in combination with his supplements.

2. Summary of allegations

In his original complaint, plaintiff says that the "Madison Police Department" has been "continuously harassing" him since 2006 "because of [his] race." Dkt. #1. He does not identify any particular individuals who have been harassing him and he does not explain how he is being harassed.

In various supplements to his complaint, plaintiff has provided some additional allegations. The most comprehensive is a document he filed on December 2, 2016, dkt. #17, in which he alleges that unnamed police officers threatened to hurt his daughter, harassed him at work, fabricated a disorderly conduct charge against him, "poisoned [him] with bacteria" and most recently "curs[ed]" at him and "humiliated" him in public. However, he provides little explanation for any of these allegations.

In a second supplement, plaintiff repeats some of the same allegations. Dkt. #25.

2

In addition, he alleges that the "Madison Police Department" is engaging in the following conduct: (1) "threatening" him "after they beat [his] 3 year old on her eye for no reason"; (2) telling employees at his barber shop to quit their jobs; (3) "trying to get [him] to drop" this lawsuit; (4) threatening to "beat [his] daughter again"; (5) and trying to "run [him] out of business." Again, he does not identify any particular individuals engaging in this conduct and he does not provide any context for his allegations. For example, he does not describe the incident in which officers allegedly assaulted his daughter and he does not explain how officers are allegedly trying to get him to dismiss this lawsuit or harm his business.

In a third supplement, plaintiff repeats many of the same allegations again. Dkt. #28. He also alleges that defendant Jessica Sosoka and an unnamed officer "intimidated [him] on [S]tate [S]t[.] and pretend[ed] they want[ed] to arrest" him. The unknown officer "grab[bed] his sti[c]k" and "got close to" plaintiff.

3. Sufficiency of the allegations

All of plaintiff's allegations either fail to provide fair notice to the defendants or do not state a plausible claim. As to defendants Favour, Naylor and Baker, plaintiff does not mention them in the body of his complaint or any of his supplements. By failing to provide any information about what those defendants allegedly did to violate his rights, he has not provided fair notice to those defendants. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct").

3

Accordingly, the complaint must be dismissed as to those defendants.

Plaintiff's only allegation against defendant Sosoka is that she "intimidated" him and "pretend[ed]" that she wanted to arrest him. This allegation does not state a claim upon which relief may be granted. The Fourth Amendment to the United States Constitution prohibits a person from searching or seizing a person without justification, but plaintiff does not allege that Sososka actually arrested him, detained him or even touched him. If there was no search or seizure, Sosoka's conduct did not violate the Constitution. McCoy v. Harrison, 341 F.3d 600, 605 (7th Cir. 2003) ("Even unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure."). Accordingly, I am dismissing the complaint as to defendant Sosoka as well.

Finally, as defendants point out, the Madison Police Department is part of the city of Madison, so it cannot be sued as a separate entity. More v. Callahan, 2014 WL 2890812, at *1 (W.D. Wis. June 25, 2014) ("Wisconsin municipalities may be sued [under] Wis. Stat. § 62.25, but individual agencies and departments, including police departments, may not."). Even if I substituted the city of Madison for the police department, plaintiff could not proceed on a claim against the city. A city cannot be held liable under the Constitution for the actions of its employees; rather, the plaintiff must show that the city has a policy or practice that caused the constitutional violation. King v. Kramer, 763 F.3d 635, 649 (7th Cir. 2014). Plaintiff does not include any allegations in his complaint or supplements suggesting that any officer violated his rights pursuant to a city policy or practice, so he has not stated a claim against the city either.

4

4. <u>Instructions for filing an amended complaint</u>

It is possible that plaintiff could add allegations that would fix at least some of the problems discussed above, so I will give him a chance to amend his complaint. If plaintiff decides to try again, he should keep a few things in mind.

First, plaintiff should explain what each individual defendant did to allegedly violate his rights. If plaintiff includes a particular defendant in the caption of his complaint, there should be a description in the body of the complaint regarding the conduct of that particular defendant. Plaintiff should not refer generally to "the police" or the "the police department" unless he is discussing a policy of the department or the city.

Second, if plaintiff believes that any particular officer is responsible for the conduct he alleges, he should provide more information regarding why he believes this. In his original complaint, plaintiff provides only conclusory allegations that officers poisoned him, assaulted his daughter and harassed him. Without more specific information, these allegations simply are not plausible. If plaintiff chooses to file an amended complaint, he should identify where and when these events happened, what led up to the event and why he believes a particular defendant is responsible. More generally, plaintiff should provide as many specific details as he can about how each defendant allegedly harassed him. Plaintiff should treat the complaint as if he were telling a story to someone who knows nothing about his situation. Third, if plaintiff files an amended complaint, that document should include *all* the allegations that plaintiff wants the court to consider, along with a caption that lists all of the defendants, a request for relief and plaintiff's signature. As I have informed

5

other pro se plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005). When a plaintiff spreads his allegations across a complaint and multiple supplements, it becomes difficult if not impossible for the defendants or the court to determine the true scope of the plaintiff's claims. To avoid ambiguity, the amended complaint must be able to stand on its own without any reference to the original complaint. Thus, if plaintiff files an amended complaint and he omits any allegations from the original complaint, I will construe the omission as a decision to remove those allegations from the case.

### B. Motion for Assistance in Recruiting Counsel

Plaintiff filed an untitled document in which he asks the court "to provide an attorney" for him. Dkt. #27. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1)

6

("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).

Plaintiff has not met any of these requirements. First, plaintiff paid the filing fee in full and he has not otherwise submitted financial information to the court showing that he cannot afford counsel on his own. If plaintiff wants court assistance in obtaining counsel, he must complete an affidavit of indigency, which is attached to this order.

Second, plaintiff has not made any showing that he is unable to find a lawyer on his own. In this court, a party may satisfy that requirement with evidence that at least three lawyers in the relevant practice area refused the party's request to represent him. That evidence may include rejection letters from the lawyers or a declaration or affidavit from the party in which he identifies the lawyers he asked, the date he made his request and the way in which each lawyer responded.

Finally, it is too early to tell whether this case is too complicated for plaintiff to litigate on his own. At this stage of the proceedings, all plaintiff has to do is file an amended complaint that explains his claims more clearly. Plaintiff has identified no reason why he would be unable to accomplish that task without a lawyer's assistance.

ORDER

IT IS ORDERED that

1. The motions to dismiss filed by defendants M. Baker, Jennifer Krueger Favour, Andew Naylor and the Madison Police Department, dkt. #29, and defendant Jessica Sososka, dkt. #32, are GRANTED. Plaintiff Khaled Shabani's complaint, dkt. #1, and supplements to the complaint, dkt.##17, 25 and 28, are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff may have until June 28, 2017, to file an amended complaint that fixes the problems identified in this order. If plaintiff does not respond by June 28, 2017, I will dismiss the complaint with prejudice and direct the clerk of court to enter judgment in favor of defendants.

3. Plaintiff's motion for assistance in recruiting counsel, dkt. #27, is DENIED.

Entered this 8th day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge