IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                                    ORDER
                      Plaintiff,
                                                    16-cv-471-bbc
            v.

MADISON POLICE DEPARTMENT,
LT. JENNIFER KRUEGER FAVOUR,
ANDREW NAYLOR, M. BAKER
and JENNIFER SOSOKA

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is before the court on a motion filed by all of the defendants (the Madison Police Department and several of the department's officers) to dismiss pro se plaintiff Khaled Shabani's amended complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Dkt. #40. I am granting the motion and dismissing the case.

This is the second time defendants have sought dismissal of the case. I granted two motions to dismiss the original complaint because plaintiff's allegations either failed to state a claim upon which relief may be granted or were too vague to provide fair notice of his claims, but I gave him leave to file an amended complaint. Dkt. #37.

Plaintiff filed an amended complaint, dkt. #39, but I agree with defendants that the allegations still fail to state any viable claims. The allegations he makes against the named

1

defendants are either not violations of the law or remain so vague that they do not provide fair notice.  E.g., id. at 1 (defendant Sosoka "intimidat[ed]" plaintiff); id. (defendant Sosoka "told [plaintiff] that [he] will go to jail"); id. (defendant Kreuger "did nothing" when plaintiff complained that someone else "spit" at him).  Plaintiff's remaining allegations are vague, not connected to a particular defendant or both.  E.g., id. (unidentified "men" "threatened" plaintiff); id. (unidentified "men" "harass" plaintiff and "make [him] feel bad"); id. ("they" were "harassing [plaintiff's] employees to come late to work"); id. ("Madison police harassed my client"); id. ("they pois[oned] me").

These are the same type of vague allegations that I concluded were insufficient when granting the earlier motions to dismiss.  For example, I noted that, in his original complaint, plaintiff provided only conclusory allegations that officers poisoned him, assaulted his daughter and harassed him, and that, without more specific information, these allegations simply are not plausible.  Accordingly, I instructed plaintiff to identify where and when these events happened, what led up to the event and why he believes a particular defendant is responsible.  Dkt. #37 at 5.

Plaintiff has had an opportunity to clarify his allegations but he has failed to do so.  Even in his opposition brief, he simply adds more vague and conclusory allegations that are not tied to a particular defendant.  Accordingly, I am granting defendants' motion to dismiss and directing the clerk of court to enter judgment.

Also before the court is a form in which plaintiff asks to proceed without prepayment of the filing fee.  Dkt. #38.  Plaintiff paid the filing fee in full when he filed his complaint,

so the purpose of the form is not immediately clear.  It may be that plaintiff submitted the form as a first step in renewing a request for assistance in recruiting counsel.  I denied such a request in a previous order in part because plaintiff had not shown that he was unable to afford counsel on his own.  Dkt. #37 at 7.  However, plaintiff did not accompany the form with a new motion for assistance in recruiting counsel and he has not addressed the other two reasons for denying his motion, which were that he had not made any effort to find a lawyer on his own and that he had not shown that he needed a lawyer at this early stage of the case.  Accordingly, I am denying the request as moot.  If petitioner chooses to appeal the judgment and wishes to proceed in forma pauperis on appeal, he may refile his request at that time.

ORDER

IT IS ORDERED that

1.  The motion to dismiss filed by defendants Madison Police Department, M. Baker, Jennifer Krueger Favour, Andew Naylor and Jessica Sososka, dkt. #40, is GRANTED.

2.  Plaintiff Khaled Shabani's request to proceed without prepayment of fees and costs, dkt. #38, is DENIED as moot.

3.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 5th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge